^HE OPINIÓN OF THE CoURT--The first eri-or assigned, states, “ That it appears on the face of the bond, that it was taken for three years’ rent, and to rePlev7 ProPerty taken on a fieri facias, when no such bond can be taken but Oft a distress.” Upon an inspection of the bond, we find the above statement in the assignment of errors to be correct; and the court, for this cause, would feel themselves bound to reverse the proceedings, because there is no law authorising a fieri fa-c*as to iSSLle for the collection of rent, unless a judgment has been previously rendered, which does not appear to have been the case in this instance.
^ the court were at liberty to presume that the bond was taken under a warrant of distress for rent, the proceedings and judgment of the inferior court could not be sustained, for the reasons stated in the second error assigned, to wit: “ It does not appear how the rent was payable.” The remedy by distress and sale, is a sum-maiy proceeding, and therefore the statutory provisions on the subject ought to be strictly pursued. By the act 0f the Virginia legislature, passed in 1751 (a), which has not been repealed or changed by any law oí this state, the officer acting under a warrant of distress, is only au-thorised to take bond and security for the payment of the rent in three months, in cases in which the reservation of rent shall have be^n made in money or tobacco. In this construction of the act, the court are not only autho-rised by the act itself, but by the former decision of this court in the case of Williams vs. Nall.
In this case it does not appear from the bond, or any sther part of the record, that the rent was reserved and *79 payable in either money or tobacco ; and for this reason the court consider the bond, on which the inferior court gave judgment, as radically defective, and not sufficient to authorise the judgment which has been rendered.
Judgment reversed.

 See act of 1748